UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

PALEPOA O. TOFILAU, )
)
        Petitioner, )
v. ) No. 2:10-cv-161-WTL-TAB
)
BRUCE LEMMON, )
)
        Respondent. )

**Entry Discussing Petition for Writ of Habeas Corpus**

    The writ Palepoa O. Tofilau seeks in relation to the prison disciplinary proceeding identified as No. ISF 10-04-0115, in which it was determined that Tofilau had violated prison rules through his unauthorized possession of a controlled substance during the evening of April 8, 2010, must be **denied.** The court reaches this conclusion because the pleadings and the expanded record show that the decision of the hearing officer was supported by the constitutionally sufficient "some evidence," see *Superintendent of Walpole v. Hill,* 472 U.S. 445 (1985), and that the proceedings were not tainted by procedural error. *See Wolff v. McDonnell,* 418 U.S. 539 (1974). In relation to the evidence, the conduct report recites that a search of Tofilau's bed area revealed the discovery of several items, including a quantity of marijuana. The "some evidence" standard of *Wolff* is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999)*; see also Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000) (even "meager" proof is sufficient). The evidence here was ample, as just described, to support the hearing officer's conclusion that Tofilau was in constructive possession of the marijuana. *See White v. Kane,* 860 F.Supp. 1075, 1079 (E.D.Pa. 1994).

    Tofilau's claims that he was denied the protections afforded by *Wolff* are either refuted by the expanded record or based on assertions which do not entitle him to relief. "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Tofilau to the relief he seeks. Accordingly, Tofilau's petition for a writ of habeas corpus is **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

    **IT IS SO ORDERED.**

Date: 11/19/2010

*[signature: William T. Lawrence]*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana